Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RHAPSODIELLE, INC. a California Corporation d/b/a "Fashion Q;" CALI FASHIONS CORPORATION, a California corporation; MODCLOTH, INC., a Delaware corporation; D'OR FASHIONS, INC., a Florida corporation; ADDITION ACCESSORIES, INC., a New York corporation; FLAVA ENTERPRISES, INC., a California corporation; REVOLUTION, a California business entity of form unknown; URBAN OUTFITTERS, INC. a Pennsylvania corporation; SHUKU NEW YORK, INC., a California corporation; LA FOND INTERNATIONAL, INC., a California corporation d/b/a "Shimmer | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

COMPLAINT

Fashion;" FASHION IS MY BAG, a business entity of form unknown; CUBY ROCK, INC., a California corporation; TRIPLE 7 GLOBAL, INC., a California corporation d/b/a "Street Level;" JJ PLUS MODE, INC., a California corporation d/b/a "Mode Plus;" BOMBAY HAUTE, a California business entity of form unknown; and DOES 1 through 10,

Defendants.

Plaintiff Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the state of California with its principal place of business at 1440 Walnut St., Los Angeles, CA 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant RHAPSODIELLE, INC. d/b/a "Fashion Q" ("FASHION Q") is a corporation organized and existing under the laws of the state of California with its principal place of business at 1004 E. Olympic Blvd. #B, Los Angeles, CA 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant CALI FASHIONS CORPORATION ("CALI"), a corporation organized and existing under the laws of the state of California with its principal place of business at 3600 Wilshire Blvd., Suite 810, Los Angeles, CA 90010.

7. Plaintiff is informed and believes and thereon alleges that Defendant MODCLOTH, INC. ("MODCLOTH") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 3011 Smallman Street, Pittsburgh, PA 15201, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant D'OR FASHIONS, INC. ("D'OR") is a corporation organized and existing under the laws of the state of Florida with its principal place of business at 15407 SW 137th Avenue, Miami, FL 33177, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant ADDITION ACCESSORES, INC. ("ADDITION") is a corporation organized and existing under the laws of the state of New York with its principal place of business at 136 Division St. #3, New York, NY 10002, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant FLAVA ENTERPRISES, INC. ("FLAVA") is a corporation organized and existing under the laws of the state of California with its principal place of business at 4542 Ruffner St., Ste. 140, San Diego, CA 92111.

11. Plaintiff is informed and believes and t hereon alleges that Defendant REVOLUTION is a business entity of form unknown organized and existing under the laws of the state of California with its principal place of business at 3030 Plaza Bonita Rd., Suite 2075, National City, CA 91950.

12. Plaintiff is informed and believes and thereon alleges that Defendant URBAN OUTFITTERS, INC. ("URBAN") is a corporation organized and existing

- 3 -

COMPLAINT

under the laws of the state of Pennsylvania with its principal place of business at 5000 South Broad St., Philadelphia, PA 19112, and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant SHUKU NEW YORK, INC. ("SHUKU") is a corporation organized and existing under the laws of the state of California with its principal place of business at 7266 Edinger Ave., Ste. G, Huntington Beach, CA 92647.

14. Plaintiff is informed and believes and thereon alleges that Defendant LA FOND INTERNATIONAL, INC. d/b/a "Shimmer Fashion" ("SHIMMER") is a corporation organized and existing under the laws of the state of California with its principal place of business at 555 Broadway, Suite 134, Chula Vista, CA 91910.

15. Plaintiff is informed and believes and thereon alleges that Defendant FASHION IS MY BAG is a business entity of form unknown with its principal place of business at 2404 Harlequin Circle, Henderson, NV 89074, and is doing business in and with the state of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant CUBY ROCK, INC. ("CUBY ROCK") is a corporation organized and existing under the laws of the state of California with its principal place of business at 7112 Eastern Ave., Bell Gardens, CA 90201.

17. Plaintiff is informed and believes and thereon alleges that Defendant TRIPLE 7 GLOBAL, INC. d/b/a "Street Level" is a corporation organized and existing under the laws of the state of California with its principal place of business at 110 East 9th Street #A 1085, Los Angeles, CA 90075.

18. Plaintiff is informed and believes and thereon alleges that Defendant JJ PLUS MODE, INC. d/b/a "Mode Plus" ("MODE PLUS") is a corporation organized and existing under the laws of the state of California with its principal place of business at 120 E. 8th Street #800, Los Angeles, CA 90014.

19. Plaintiff is informed and believes and thereon alleges that Defendant

BOMBAY HAUTE is a business entity of form unknown organized and existing under the laws of the state of California with its principal place of business at 18512 Pioneer Blvd., Artesia, CA 90701.

20. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 10, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

21. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATING TO DESIGN 40049

22. Plaintiff owns an original two-dimensional textile design entitled 40049 ("Subject Design A"). Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

23. Prior to the acts complained of herein, Plaintiff sampled and sold fabric

bearing Subject Design A to numerous parties in the fashion and apparel industries.

24. Plaintiff is informed and believes and thereon alleges that following Plaintiff's distribution of product bearing Subject Design A, FASHION Q and certain DOE defendants, without Plaintiff's authorization, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to Subject Design A ("Subject Product A"), including but not limited to garments sold by FASHION Q under SKU No. 4090659123 and bearing the label "UK 2 LA" and RN 73023, which indicates that the garments were made by or for YM, Inc. An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

**Subject Design A**             **Subject Product A**

  

## CLAIMS RELATED TO DESIGN 40614

25. Plaintiff owns an original two-dimensional textile design entitled 40614 ("Subject Design B").  Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

26. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

27. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design B, FASHION Q and DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to Subject Design B ("Subject Product B"), including but not limited to garments sold by FASHION Q under SKU 1500007511 and Style No. ETK838 and bearing the label "Emerald U.S.A."  An image of Subject Design B and an exemplar of Subject Product B are set forth hereinbelow:

| **Subject Design B** | **Subject Product B** |
|---|---|
|  |  |

- 7 -

## CLAIMS RELATED TO DESIGN 60704

28. Plaintiff owns an original two-dimensional textile design entitled 60704 ("Subject Design C"). Plaintiff applied for and received a United States Copyright Registration for Subject Design C.

29. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

30. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design C, FASHION Q and DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to Subject Design C ("Subject Product C"), including but not limited to handbags sold by:

    a. FASHION Q and CALI under Item No. Y688 and bearing the label "Maja;"

    b. FASHION Q under Item Nos. P2799 and A3799; MODCLOTH under Item No. 3456; D'OR under Item No. 2280; ADDITION under Item No. 4057; FLAVA under Item No. 4048; REVOLUTION under Item No. 4145; URBAN under Item No. 4145; SHUKU under Item No. 4144; SHIMMER under Item No. BAG28; FASHION IS MY BAG under Item No. 1202; CUBY ROCK under Item No. 2272; GOSSIP under Item No. 4149; MODE PLUS under Item No. 4147; BOMBAY under SKU JTL2000W; and LOVE & PINK under Item No. 4069; and all bearing the label "Street Level," which indicates that they were manufactured by or for TRIPLE 7.

31. An image of Subject Design C and an exemplar of Subject Product C are set forth hereinbelow:

| Subject Design C | Subject Product C |
|---|---|
|  |  |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

32. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the foregoing paragraphs.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, Subject Design B, and/or Subject Design C (collectively "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with Subject Designs by Plaintiff for its customers.

34. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to Subject Designs, or were an illegal derivation or modification thereof.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling garments which infringe Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

36. Due to Defendants' acts of infringement, Plaintiff has suffered damages to in an amount to be established at trial.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to Defendant's infringement of Subject Designs in an amount to be established at trial.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knew or should reasonably have known that their commitments of the aforementioned acts constituted copyright infringement such that the infringement was done willfully, intentionally, and/or maliciously.

///

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

39. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the foregoing paragraphs.

40. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Designs as alleged herein.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

42. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer damages in an amount to be established at trial.

43. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of Subject Designs in an amount to be established at trial.

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knew or reasonably should have known that their commitment of the aforementioned acts constituted copyright infringement such that the infringement was done willfully, intentionally, and/or maliciously.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded the costs of this action;

e. That Plaintiff be awarded pre-judgment interest as allowed by law; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DONIGER / BURROUGHS

Dated: June 18, 2014    By:    /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Annie Aboulian, Esq.
Attorneys for Plaintiff